# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-9839 FMO (JPRx) | Date | December 9, 2019 |
| Title | Keya Morgan v. Avatar Press, Inc., et al. | | |

| | | | |
|---|---|---|---|
| Present: The Honorable | Fernando M. Olguin, United States District Judge | | |
| Cheryl Wynn | | None | None |
| Deputy Clerk | | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): | |
| None Present | | None Present | |

**Proceedings:** (In Chambers) Order to Show Cause Re: Personal Jurisdiction and Venue

On November 15, 2019, plaintiff Keya Morgan ("plaintiff") filed a Complaint against defendants Avatar Press, Inc. and Rich Johnson (collectively, "defendants") alleging a violation of the federal Copyright Act, 17 U.S.C. § 101, et seq. (See Dkt. 1, Complaint at ¶¶ 16-26). Specifically, plaintiff claims defendants infringed his copyright by publishing in an online article a photo identical to the one to which plaintiff has a copyright. (See id. at ¶¶ 10-13). Plaintiff alleges that venue is proper because "this is the judicial district in which a substantial part of the acts and omissions giving rise to the claim occurred." (See id. at ¶ 3).

Plaintiff makes no express statement explaining why the court has personal jurisdiction over defendants, and the court questions whether personal jurisdiction exists in this case. A defendant may be subject to either general or specific personal jurisdiction. See Daimler AG v. Bauman, 571 U.S. 117, 126-27, 134 S.Ct. 746, 754 (2014). General jurisdiction applies when defendants' contacts with the forum state are "so continuous and systematic as to render [them] essentially at home." Id. at 761 (quotation and alteration marks omitted). The court may assert specific personal jurisdiction over nonresident defendants if three requirements are met: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). The court engages in "purposeful availment" analysis for contract cases and "purposeful direction" analysis for tort cases. See id. The court's analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 571 U.S. 277, 285, 134 S.Ct. 1115, 1122 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum." Id.

Plaintiff does not allege any specific contacts between defendants and the state of California, nor does plaintiff allege how his causes of action arise out of or relate to those

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-9839 FMO (JPRx) | Date | December 9, 2019 |
|---|---|---|---|
| Title | Keya Morgan v. Avatar Press, Inc., et al. | | |

contacts.  (See, generally, Dkt. 1, Complaint).  Plaintiff also does not allege any facts showing that the events giving rise to this litigation occurred in this district.  (See generally id.).

     Based on the foregoing, IT IS ORDERED that no later than **December 18, 2019** plaintiff shall file a First Amended Complaint addressing the deficiencies noted above.  The Order to Show Cause will stand submitted upon the filing of a First Amended Complaint that addresses the issues raised in this Order on or before the date indicated above.  **Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to either: (1) the dismissal of the action without prejudice for lack of personal jurisdiction and/or failure to comply with a court order; or (2) transfer of the instant action to the appropriate venue**.  See Fed. R. Civ. P. 41; Baeza v. Baca, 700 F.Appx. 657 (9th Cir. 2017) (upholding dismissal for failure to prosecute); Link v. Wabash R. Co., 370 U.S. 626, 629-31, 82 S.Ct. 1386, 1388 (1962) ("expressly recogniz[ing]" the "inherent power" of a "court to dismiss sua sponte for lack of prosecution[.]").

|  | 00 : 00 |
|---|---|
| Initials of Preparer | cw |